1  HARVEY P. SACKETT (72488)

2  **SACKETT**
   **AND ASSOCIATES**
3  A PROFESSIONAL LAW CORP.

4  1055 Lincoln Avenue
   San Jose, California 95125-6011
5  Telephone: (408) 295-7755
   Facsimile:  (408) 295-7444

6  Attorney for Plaintiff

7  /as

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK D. ARIAS, | Case No.: 2:18-cv-02791-KJN |
| Plaintiff, | STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

On September 20, 2019 this Court issued an order reversing the final decision of the Defendant, Andrew Saul, the Commissioner of Social Security (Commissioner), with a remand for a rehearing, 42 U.S.C. § 405(g) (sentence four); judgment was entered.

In the interest of administrative and judicial economy, the parties have agreed to stipulate that an award of THREE THOUSAND ($3,000.00) in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), is reasonable.  This award is without prejudice to Plaintiff's right to seek attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.  However, this award shall constitute a

1

STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)

complete release from and bar to any claims Plaintiff may have relating to EAJA fees and costs. Further, such award shall not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified.

Under Astrue v. Ratliff, 560 U.S. 586 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).  This Court should therefore order the EAJA fees to be paid to Plaintiff. The Commissioner recognizes that Plaintiff assigned his right to EAJA fees to his attorney.  If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff owes no debt subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner does not waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Accordingly, Defendant agrees to pay Plaintiff $3,000.00 in attorney's fees.

All parties whose signature lines appear in this document have consented to its filing. This award is without prejudice to the rights of Sackett and Associates and/or Harvey P. Sackett to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated: December 9, 2019              SACKETT AND ASSOCIATES

                          By:    /s/ HARVEY P. SACKETT
                                 HARVEY P. SACKETT
                                 Attorney for Plaintiff
                                 FRANK D. ARIAS

2

STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)

| | |
|---|---|
| Dated: June 25, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
| | By:  /s/SHARON LAHEY<br>SHARON LAHEY<br>Special Assistant United States Attorney<br>Attorneys for Defendant<br>[*As authorized by email on 12/9/19] |

**ORDER**

Pursuant to the stipulation, IT IS SO ORDERED.

Dated:  June 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/2791.arias

3

STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)