UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK D. ARIAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:18-cv-02791-KJN<br><br><br>ORDER<br><br>(ECF No. 24) |

Presently pending before the court is counsel for plaintiff Frank Arias' motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 24.)[1]  Plaintiff's counsel seeks an award of $12,952.15 (25% of plaintiff's past due benefits of $51,808.60 as calculated by the Commissioner of Social Security ["Commissioner"].)  On July 29, 2020, the Commissioner filed an advisory statement of non-opposition to plaintiff's counsel's request.  (ECF No. 26.)  After considering the parties' briefing, appropriate portions of the record, and the applicable law, the court grants the motion for attorneys' fees under 42 U.S.C. § 406(b).

////

////

---

[1] This case was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge.  (ECF Nos. 7, 9.)

1

BACKGROUND

On September 20, 2019, the court granted the parties' stipulated request to remand this matter for payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 20.) Plaintiff subsequently received a gross total of $51,808.60 in retroactive Disability Insurance Benefits.

On June 26, 2020 the court granted plaintiff's counsel's motion for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA). (ECF No. 23.) Counsel then filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (ECF No. 24.)

DISCUSSION

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The United States Supreme Court has held that auxiliary back benefits (benefits payable to the claimant's dependents) are included in the total amount of back benefits to be considered for purposes of attorneys' fees under 42 U.S.C. § 406(b). Hopkins v. Cohen, 390 U.S. 530 (1968).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."). Indeed, in this case, the Commissioner filed an advisory response to the instant motion, indicating that it has no objection to the fee request. (ECF No. 26.) However, "[b]ecause the [Commissioner] has no direct interest in how much of

2

the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Crawford, 586 F.3d at 1148. The Ninth Circuit observed that:

> In *Gisbrecht*, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, *Gisbrecht*, 535 U.S. at 808-09, 122 S. Ct. 1817. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, 122 S. Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," *id.* at 808, 122 S. Ct. 1817. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. *Id.* The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 807, 122 S. Ct. 1817.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided

3

1  substandard representation or delayed the case, or if the requested fee would result in a
2  windfall.").

3  In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel
4  attached their attorney-client agreement, which provided for a contingent fee of 25% of any past
5  due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b).  (ECF No. 24-3.)  The
6  court notes that this agreement was signed by plaintiff and counsel, plaintiff's counsel served a
7  copy of the present motion on plaintiff, and that plaintiff did not file any objections to counsel's
8  fee request.  (ECF Nos. 24-3, 28.)  Accordingly, the court has no reason to doubt counsel's
9  representations regarding the fee agreement.

10  In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee
11  request to be reasonable.  As an initial matter, agreements providing for fees of 25% of past due
12  benefits are the "most common fee arrangement between attorneys and Social Security
13  claimants."  Crawford, 586 F.3d at 1147.  Additionally, the Commissioner does not point to, and
14  neither does the undersigned find, any indication that plaintiff's counsel performed substandard
15  work or unduly delayed the case; to the contrary, counsel's work ultimately resulted in a fully
16  favorable decision for plaintiff and an award of benefits.  Furthermore, the total amount
17  requested, $12,952.15, does not appear to be disproportionate to the amount of time plaintiff's
18  counsel spent on the case.  In his briefing, plaintiff's counsel attests that his law office spent
19  approximately 14.2 hours on the case, which results to a rate of approximately $912.12 per hour.
20  Counsel has attached a timesheet verifying these hours.  (ECF No. 24-5.)  While that hourly rate
21  is very high, the court finds that the fee amount requested is reasonable in light of the hours
22  expended, the contingency agreement, and the result achieved.  The resulting fee cannot be said
23  to amount to a windfall to plaintiff's counsel.

24  For these reasons, the court awards plaintiff's counsel the requested amount of $12,952.15
25  in attorneys' fees under 42 U.S.C. § 406(b).
26  ////
27  ////
28  ////

4

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 24) is GRANTED.

2. Counsel shall be paid $12,952.15 in attorney's fees, minus $3,000.00 credited to plaintiff for the previous payment of EAJA fees, for a net payment of $9,952.15, under 28 U.S.C. § 406(b)(1)(A).

IT IS SO ORDERED.

Dated: August 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/2791.arias 406b